**UNDER SEAL**



FILED
CLERK, U.S. DISTRICT COURT
JUN 23 2010
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2009 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>      v.<br><br>MASOOD CHOTANI,<br><br>          Defendant. | CR 10-678<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy to Defraud the United States; 18 U.S.C. § 287: False, Fictitious, or Fraudulent Claims Against the United States; 18 U.S.C. § 2(b): Causing an Act to Be Done] |

The Grand Jury charges:

## INTRODUCTION

1. In or about 2002 and 2003, defendant MASOOD CHOTANI ("CHOTANI") and others conspired to file, did file, and caused to be filed at least 250 false income tax returns with the Internal Revenue Service using the names and Social Security Numbers of deceased individuals, which returns falsely claimed more than $2,000,000 in tax refunds. Many of these illegally-obtained tax refund checks were deposited into banks within the Islamic Republic of Pakistan and the Republic of Armenia.

2.   At all relevant times, defendant CHOTANI, then a Certified Public Accountant, resided in Los Angeles County, California.  In or about 2002 and 2003, defendant CHOTANI operated a tax preparation business in the Los Angeles area.

3.   At all relevant times, defendant CHOTANI's co-conspirator H.A. resided in San Bernardino County, California.

4.   At all relevant times, defendant CHOTANI's co-conspirator A.A. resided in Los Angeles County, California.

5.   The Internal Revenue Service ("IRS") was and is an agency of the Department of the Treasury of the United States responsible for administering and enforcing the tax laws of the United States.

6.   A commercial mail receiving agency ("CMRA") is a private entity with which an individual customer may contract to receive and hold his or her mail or deliveries.  Typically, a customer must present some form of government-issued identification to a CMRA employee in order for the CMRA to assign the customer a mailbox and for the customer to receive his or her mail.

## COUNT ONE

[18 U.S.C. § 371]

7. The allegations of paragraphs 1 through 6 are re-alleged and incorporated by reference as if fully set forth herein.

A.  **OBJECT OF THE CONSPIRACY**

8. Beginning on an unknown date, but no later than January 25, 2002, and continuing to at least on or about February 25, 2004, in San Bernardino County, within the Central District of California, and elsewhere, defendant MASOOD CHOTANI, together with others both known and unknown to the Grand Jury, unlawfully, voluntarily, intentionally, and knowingly combined, conspired and agreed to defraud the United States through dishonest and deceitful means by impeding, impairing, obstructing, and defeating the lawful government functions of the IRS, an agency of the United States Department of the Treasury, in the ascertainment, computation, assessment, and collection of revenue, that is, federal income taxes, to wit, by filing false income tax returns, mostly using the names of deceased individuals, which claimed income tax refunds to which defendant CHOTANI and his co-conspirators were not entitled.

B.  **MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED**

The object of the conspiracy was to be accomplished in substance as follows:

9. Defendant CHOTANI and his co-conspirators would prepare, and cause to be prepared, false income tax returns, mostly in the names of deceased individuals ("the purported

taxpayers") using Social Security Numbers and other identification information obtained from the Internet.

10. Defendant CHOTANI and his co-conspirators would falsely state on the income tax returns they prepared that these deceased individuals earned income from employers for whom, in fact, the deceased individuals had never worked. Defendant CHOTANI and his co-conspirators also would falsely report that taxes were withheld from this fictitious income in excess of the tax purportedly owed, so that a refund could be claimed.

11. Defendant CHOTANI and his co-conspirators would use, and cause to be used, addresses and mailboxes at various CMRAs that were opened using names and other identification information of deceased individuals.

12. Defendant CHOTANI and his co-conspirators would make false claims for tax refunds in the names of the purported taxpayers. On these tax returns, defendant CHOTANI and his co-conspirators would list, as the purported taxpayers' "home addresses," various addresses that the co-conspirators controlled, including CMRA mailboxes opened using the names of the deceased individuals.

13. Defendant CHOTANI and his co-conspirators would create and attach to the fraudulent tax returns described above documents purporting to be "Form W-2 Wage and Tax Statements." These Forms W-2 would list the names, addresses, and employer identification numbers ("EINs") of actual companies, but would falsely report that these companies employed, paid wages to, and withheld income tax from the purported taxpayers, when in fact

these companies had not employed, had not paid wages to, and had not withheld income tax from the purported taxpayers.

14. Defendant CHOTANI, who at all relevant times was a certified public accountant ("CPA") and tax return preparer, would obtain the names, addresses, and EINs (collectively "employer information") of various companies from his client files. Defendant CHOTANI would provide this employer information to his co-conspirators, so that they could prepare fake Forms W-2 in the manner described above.

15. Defendant CHOTANI's co-conspirators would obtain tax refund checks issued by the United States Treasury based on the fraudulent tax returns filed in the deceased individuals' names, which had been sent to the "home addresses" that were listed on the fraudulent returns for these deceased individuals.

16. Defendant CHOTANI would also prepare, and cause to be prepared, false income tax returns in his parents' names, which were then filed with the IRS. On these false income tax returns, defendant CHOTANI would falsely report that his mother, G.C., earned wage income that, in fact, she did not earn, from an employer that, in fact, never employed her. Defendant CHOTANI would create and attach to these returns fake Form W-2 Wage and Tax Statements, which listed the employer's name, address, and employer identification number, and which falsely stated that this company employed and paid wages to G.C. On the basis of the fictitious income reported on these fake Forms W-2, defendant CHOTANI would make false claims for income tax refunds.

17. Defendant CHOTANI and his co-conspirators would negotiate, or cause to be negotiated, the income tax refund

checks issued by the United States Treasury based on the fraudulent tax returns that they had filed or caused to be filed with the IRS, including sending Treasury checks to the Islamic Republic of Pakistan and the Republic of Armenia to be negotiated at banks in those countries.

C.  OVERT ACTS

In furtherance of the above conspiracy, and to accomplish the object of the conspiracy, defendant CHOTANI, and others known and unknown to the Grand Jury, committed various overt acts in San Bernardino and Los Angeles Counties, within the Central District of California, and elsewhere, including but not limited to the following:

OVERT ACTS OF MASOOD CHOTANI

18.  On or about the dates listed below, defendant CHOTANI provided employer information to his co-conspirators, including H.A. and A.A., which information defendant CHOTANI's co-conspirators used to prepare and file with the IRS individual income tax returns for the following years in the names of the following individuals.  These returns falsely reported wage income and fraudulently claimed tax refunds in the amounts listed below:

| OVERT ACT | DATE | PURPORTED TAXPAYER | TAX YEAR | REFUND AMOUNT |
|---|---|---|---|---|
| (a) | 01/25/2002 | D.G. | 1999 | $2,992 |
| (b) | 02/01/2002 | M.L. | 1999 | $7,019 |
| (c) | 02/07/2002 | J.S. | 2001 | $6,938 |
| (d) | 02/09/2002 | M.L. | 2001 | $7,250 |
| (e) | 03/05/2002 | R.J. | 2001 | $8,302 |

| OVERT ACT | DATE | PURPORTED TAXPAYER | TAX YEAR | REFUND AMOUNT |
|---|---|---|---|---|
| (f) | 03/08/2002 | M.L. | 2001 | $8,617 |
| (g) | 03/13/2002 | M.L. | 2001 | $8,611 |
| (h) | 03/14/2002 | R.J. | 2001 | $8,458 |
| (i) | 03/19/2002 | A.W. | 2001 | $8,971 |
| (j) | 03/20/2002 | R.J. | 2001 | $7,113 |
| (k) | 03/20/2002 | J.S. | 2001 | $8,128 |
| (l) | 03/22/2002 | D.G. | 2001 | $8,007 |
| (m) | 03/22/2002 | M.H. | 2001 | $7,041 |
| (n) | 03/22/2002 | N.K. | 2001 | $7,984 |
| (o) | 03/24/2002 | F.K. | 2001 | $6,887 |
| (p) | 03/25/2002 | R.J. | 2001 | $7,602 |
| (q) | 04/17/2002 | M.L. | 2000 | $6,908 |
| (r) | 04/18/2002 | J.S. | 2000 | $6,870 |
| (s) | 04/18/2002 | D.G. | 2000 | $8,435 |
| (t) | 04/19/2002 | D.G. | 2000 | $7,201 |
| (u) | 04/19/2002 | D.G. | 2000 | $8,768 |
| (v) | 04/19/2002 | D.G. | 2000 | $7,586 |
| (w) | 04/29/2002 | M.L. | 2000 | $3,675 |
| (x) | 07/19/2002 | D.G. | 2000 | $6,764 |
| (y) | 07/19/2002 | D.G. | 1999 | $6,304 |
| (z) | 07/19/2002 | D.G. | 1999 | $5,224 |
| (aa) | 09/25/2002 | E.J. | 2001 | $12,395 |
| (bb) | 01/13/2003 | A.G. | 2001 | $8,039 |
| (cc) | 01/24/2003 | J.J. | 2001 | $12,857 |
| (dd) | 01/24/2003 | M.S. | 2000 | $10,370 |
| (ee) | 03/15/2003 | J.C. | 2002 | $9,114 |
| (ff) | 03/18/2003 | L.G. | 2001 | $6,837 |
| (gg) | 03/21/2003 | L.G. | 2001 | $6,837 |
| (hh) | 04/07/2003 | K.S. | 2002 | $10,445 |

| OVERT ACT | DATE | PURPORTED TAXPAYER | TAX YEAR | REFUND AMOUNT |
|---|---|---|---|---|
| (ii) | 04/09/2003 | M.P. | 2001 | $10,406 |
| (jj) | 04/09/2003 | K.S. | 2001 | $10,356 |
| (kk) | 04/13/2003 | T.F. | 2001 | $13,816 |
| (ll) | 04/20/2003 | A.K. | 2001 | $10,446 |
| (mm) | 04/20/2003 | M.K. | 2001 | $10,490 |
| (nn) | 04/25/2003 | J.R. | 2002 | $8,498 |
| (oo) | 05/12/2003 | C.W. | 2000 | $6,585 |
| (pp) | 06/11/2003 | C.W. | 2001 | $6,832 |
| (qq) | 06/16/2003 | E.G. | 2001 | $6,576 |
| (rr) | 06/25/2003 | M.I. | 2000 | $4,108 |
| (ss) | 07/18/2003 | K.H. | 2001 | $6,371 |
| (tt) | 07/18/2003 | M.I. | 2001 | $6,073 |
| (uu) | 09/19/2003 | P.J. | 2000 | $7,452 |

According to Social Security Administration records, each of the above individuals was deceased prior to the tax year in which a return was filed in his or her name.

19. On or about January 14, 2002, defendant CHOTANI prepared and filed, and caused to be prepared and filed, with the IRS a false Form 1040, U.S. Individual Income Tax Return, in his parents A.C. and G.C.'s names for tax year 2001, which falsely reported wage income that G.C. did not earn and made a false, fictitious, and fraudulent claim for a tax refund in the amount of $5,412.

20. On or about January 25, 2002, defendant CHOTANI received a tax refund from the IRS in the amount of $5,412 that was direct-deposited to Bank of America checking account number

xxxxx-xx673, which was held jointly in defendant CHOTANI and his parents' names.

21.  On or about January 13, 2003, defendant CHOTANI prepared and filed, and caused to be prepared and filed, with the IRS a false Form 1040, U.S. Individual Income Tax Return, in his parents A.C. and G.C.'s names for tax year 2002, which falsely reported wage income that G.C. did not earn and made a false, fictitious, and fraudulent claim for a tax refund in the amount of $2,603.

22.  On or about January 24, 2003 defendant CHOTANI received a tax refund from the IRS in the amount of $2,603 that was direct-deposited to Bank of America checking account number xxxxx-xx673, which was held in defendant CHOTANI and his parents' names.

## COUNTS TWO AND THREE

## [18 U.S.C. §§ 287; 2(b)]

23. The allegations of paragraphs 1 through 6 are re-alleged and incorporated by reference as if fully set forth herein.

24. On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant MASOOD CHOTANI knowingly made and presented, and caused to be made and presented, to the IRS, an agency of the United States Department of the Treasury, claims against the United States for payment, which were in fact false, fictitious, and fraudulent, and which were known by defendant MASOOD CHOTANI to be false, fictitious, and fraudulent, by preparing and causing to be prepared, and filing and causing to be filed, what purported to be federal income tax returns for the individuals listed below, wherein claims for income tax refunds for the amounts listed below were made, with knowledge that such claims were false, fictitious, and fraudulent, in that the purported taxpayers never earned the

///
///
///
///
///
///
///
///
///

reported wage income amounts, never had any taxes withheld therefrom, and were not entitled to the tax refunds claimed:

| COUNT | FILING DATE OF TAX RETURN | PURPORTED TAXPAYER | TAX YEAR | REPORTED WAGE INCOME | REFUND AMOUNT CLAIMED |
|---|---|---|---|---|---|
| 2 | 01/14/2002 | A.C. and G.C. | 2001 | $33,128 | $5,412 |
| 3 | 01/13/2003 | A.C. and G.C. | 2002 | $34,195 | $2,603 |

A TRUE BILL

/s/
_____
FOREPERSON

ANDRÉ BIROTTE JR.
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office

CHARLES E. PELL
Assistant United States Attorney
Riverside Branch Office

JOSEPH A. RILLOTTA
Trial Attorney, Tax Division
United States Department of Justice

**UNDER SEAL**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CASE SUMMARY

**ORIGINAL**

Case Number CR10-678  Defendant Number 1
U.S.A. v. MASOOD CHOTANI  Year of Birth _____
☑ Indictment   ☐ Information   Investigative agency (FBI, DEA, etc.) IRS

FILED CLERK, U.S. DISTRICT COURT
JUN 23 2010
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
BY ____ DEPUTY

**NOTE:** All items are to be completed. Information not applicable or unknown shall be indicated as "N/A".

### OFFENSE/VENUE
a. Offense charged as a:  ☐ Petty Offense
   ☐ Misdemeanor   ☐ Minor Offense   ☑ Felony
b. Date of offense 01/25/02-09/19/2003
c. County in which first offense occurred
   LOS ANGELES
d. The crimes charged are alleged to have been committed in:
   CHECK ALL THAT APPLY
   ☑ Los Angeles     ☐ Ventura
   ☐ Orange          ☐ Santa Barbara
   ☐ Riverside       ☐ San Luis Obispo
   ☑ San Bernardino  ☐ Other _____
Citation of offense 18 U.S.C. §§ 371, 287

### RELATED CASE
Has an indictment or information involving this defendant and the same transaction or series of transactions been previously filed and dismissed before trial?   ☑ No   ☐ Yes
   IF YES Case Number _____

Pursuant to Section 11 of General Order 224, criminal cases may be related if a previously filed indictment or information and the present case:
a. arise out of the same conspiracy, common scheme, transaction, series of transactions or events; or
b. involve one or more defendants in common, and would entail substantial duplication of labor in pretrial, trial or sentencing proceedings if heard by difference judges.
Related case(s), if any: **MUST MATCH NOTICE OF RELATED CASE** ED CR 08-242-RHW

### PREVIOUSLY FILED COMPLAINT
A complaint was previously filed on: _____
   Case Number _____
   Charging _____

The complaint:   ☐ is still pending
   ☐ was dismissed on: _____

### COMPLEX CASE
Are there 8 or more defendants in the Indictment/Information?
   ☐ Yes*   ☑ No

Will more than 12 days be required to present government's evidence in the case-in-chief?
   ☐ Yes*   ☑ No

*AN ORIGINAL AND 3 COPIES OF THE NOTICE OF COMPLEX CASE MUST BE FILED 2 BUSINESS DAYS BEFORE THE ARRAIGNMENT IF EITHER YES BOX IS CHECKED.

### Superseding Indictment/Information
This is the _____ superseding charge, i.e. 1st, 2nd.
The superseding case was previously filed on: _____

Case Number _____

The superseded case:
☐ is still pending before Judge/Magistrate Judge _____

☐ was previously dismissed on _____

Are there 8 or more defendants in the superseding case?
   ☐ Yes*   ☑ No

Will more than 12 days be required to present government's evidence in the case-in-chief?
   ☐ Yes*   ☑ No

Was a Notice of Complex Case filed on the Indictment or Information?
   ☐ Yes   ☑ No

*AN ORIGINAL AND 3 COPIES OF THE NOTICE OF COMPLEX CASE MUST BE FILED 2 BUSINESS DAYS BEFORE THE ARRAIGNMENT IF EITHER YES BOX IS CHECKED.

Is an interpreter required:   ☐ Yes   ☑ No
IF YES, list language and/or dialect: _____

CR-72 (12/05)                    CASE SUMMARY                    Page 1 of 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CASE SUMMARY

**OTHER**

- [x] Male
- [ ] Female
- [x] U.S. Citizen
- [ ] Alien

Alias Name(s) _____

_____

This defendant is charged in:   [x] All counts
[ ] Only counts: _____

- [ ] This defendant is designated as "High Risk" per 18 USC 3146(a)(2) by the U.S. Attorney.
- [ ] This defendant is designated as "Special Case" per 18 USC 3166(b)(7).

Is defendant a juvenile?   [ ] Yes   [x] No
IF YES, should matter be sealed?   [ ] Yes   [ ] No

The area of substantive law that will be involved in this case includes:

- [ ] financial institution fraud
- [ ] public corruption
- [ ] government fraud
- [x] tax offenses
- [ ] environmental issues
- [ ] mail/wire fraud
- [ ] narcotics offenses
- [ ] immigration offenses
- [ ] violent crimes/firearms
- [ ] corporate fraud
- [ ] Other: _____

**CUSTODY STATUS**

Defendant is **not** in custody:
a. Date and time of arrest on complaint: _____
b. Posted bond at complaint level on: _____
   in the amount of $ _____
c. PSA supervision?   [ ] Yes   [ ] No
d. Is a Fugitive   [ ] Yes   [ ] No
e. Is on bail or release from another district: _____
f. [ ] Has not been arrested but will be notified by summons to appear.
g. Warrant requested.   [x] Yes   [ ] No

Defendant is **in** custody:
a. Place of incarceration:   [ ] State   [ ] Federal
b. Name of Institution: N/A
c. If Federal: U.S. Marshal's Registration Number: _____
d. [ ] Solely on this charge. Date and time of arrest: _____
e. On another conviction:   [ ] Yes   [ ] No
   IF YES   [ ] State   [ ] Federal   [ ] Writ of Issue
f. Awaiting trial on other charges:   [ ] Yes   [ ] No
   IF YES   [ ] State   [ ] Federal   AND
   Name of Court: _____

Date transferred to federal custody: _____

This person/proceeding is transferred from another district pursuant to F.R.CrP. ____ 20 ____ 21 ____ 40

---

**EXCLUDABLE TIME**
Determinations as to excludable time prior to filing indictment/information EXPLAIN: 26 U.S.C. § 6531

---

Date June 22, 2010

**Charles E. Pell**
*Digitally signed by Charles E. Pell*
*DN: cn=Charles E. Pell, c=US, o=U.S. Attorney's Office, ou=General Crimes, email=charles.e.pell2@usdoj.gov*
*Reason: I am the author of this document*
*Date: 2008.10.26 18:53:24 -07'00'*

*Signature of Assistant U.S. Attorney*

CHARLES E. PELL
*Print Name*