1  ANDRÉ BIROTTE JR.
   United States Attorney
2  DENNISE D. WILLETT
   Assistant United States Attorney
3  Chief, Santa Ana Branch
   CHARLES E. PELL (Cal. Bar No. 210309)
4  Assistant United States Attorney
   Santa Ana Branch Office
5       411 West Fourth Street, Suite 8000
        Santa Ana, California 92701
6       Telephone: (714) 338-3542
        Facsimile: (714) 338-3561
7       E-mail:  Charles.E.Pell2@usdoj.gov
   JOSEPH A. RILLOTTA
8  Trial Attorney
   U.S. Dept. of Justice, Tax Division
9       601 D Street, NW, Room 7904
        Washington, D.C. 20004
10      Telephone: (202) 305-2374
        Facsimile: (202) 514-9623
11      Email: Joseph.A.Rillotta@usdoj.gov

12 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

13
                    UNITED STATES DISTRICT COURT
14
                FOR THE CENTRAL DISTRICT OF CALIFORNIA
15

16 | UNITED STATES OF AMERICA,    ) Case No. 2:10-cr-00678-SJO
                                  )
17 |         Plaintiff,            ) STIPULATION REGARDING REQUEST FOR
                                  ) (1) CONTINUANCE OF TRIAL DATE AND
18 |         v.                    ) (2) FINDINGS OF EXCLUDABLE TIME
                                  ) PERIODS PURSUANT TO SPEEDY TRIAL
19 | MASOOD CHOTANI,               ) ACT
                                  )
20 |         Defendant.            ) **CURRENT TRIAL DATE: 09-04-2012**
                                  ) **PROPOSED TRIAL DATE: 02-05-2013**
21                                 )

22
       Plaintiff United States of America, by and through its
23
   attorneys of record, Assistant United States Attorney Charles E.
24
   Pell and Tax Division Trial Attorney Joseph A. Rillotta, and
25
   defendant Masood Chotani, by and through his counsel of record,
26
   Deputy Federal Public Defender Humberto Diaz, hereby stipulate as
27
   follows:
28

1.   The Indictment in this case was made public on May 11, 2012. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on July 10, 2012. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before September 18, 2012.

2.   The Court set a trial date of September 4, 2012, at 9:00 a.m. (DE 15).

3.   Defendant is currently detained; if and when bond is posted, Defendant would be released on bond pending trial. The parties estimate that the trial in this matter will last approximately eight (8) days.

4.   By this stipulation, the parties jointly move to continue the trial date to February 5, 2013, and request that a status conference be scheduled for the week of January 28, 2013. This is the second request for a continuance in this case (the Court denied the first request, because it was for more than six months).

5.   The parties request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a.   Defendant is charged in a three-count indictment with: one count of 18 U.S.C. § 371 (Conspiracy to Defraud the United States) and two counts of 18 U.S.C. § 287 (False, Fictitious, or Fraudulent Claims Against the United States). This case is related to <u>United States v. Haroon Amin et al.</u>, Case No. 5:08-cr-00242-RHW. The government has produced extensive discovery to the defense, including over 8200 pages of interviews, forensic materials, bank records, tax returns, and

2

other documentary evidence, as well as surveillance videos and photos.  In addition, the government is providing defense counsel with a copy of a 300-gigabyte hard drive seized from the office of Haroon Amin.

      b. Due to the voluminous discovery, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

      c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny it reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d. Defendant believes that failure to grant the continuance will deny defendant continuity of counsel and adequate representation.

      e. The government does not object to the continuance.

      f.  The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

    6.  For purposes of computing the date under the Speedy

Trial Act by which defendant's trial must commence, the parties agree that the time period of September 4, 2012, to February 5, 2013, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize

//
//
//
//
//
//
//
//

the exclusion of additional time periods from the period within which trial must commence.

    IT IS SO STIPULATED.

ANDRÉ BIROTTE JR.
United States Attorney

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office

_8/30/12_
DATE

CHARLES E. PELL
Assistant United States Attorney
Santa Ana Branch Office

JOSEPH A. RILLOTTA
Trial Attorney
U.S. Dept. of Justice, Tax Division

Attorneys for Plaintiff
UNITED STATES OF AMERICA

    I am MASOOD CHOTANI's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than February 5, 2013, is an informed and voluntary one.

_8/30/12_
DATE

for HUMBERTO DIAZ  (per telephonic authorization 8/30/12)
Deputy Federal Public Defender

Attorney for Defendant
MASOOD CHOTANI

5